FILED
2021 Jan-27  AM 11:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GARRICK D. CLOPTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-192-LSC-GMB |
| | ) | |
| JOSEPH HEADLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

The Magistrate Judge entered a report on November 30, 2020, recommending the court dismiss as moot Petitioner Garrick D. Clopton's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 16.  Specifically, the Magistrate Judge found that Clopton pled guilty to one of the counts in the indictment and the other count was dismissed, and therefore there was no longer a case or controversy to litigate and a favorable decision on the merits would not entitle Clopton to any additional relief. Doc. 16 at 3–4.  Clopton filed objections to the Report and Recommendation on January 12, 2021. Doc. 22.

In his objections, Clopton contends that the state court violated his constitutional rights by holding two preliminary hearings and denying his motion for a speedy trial. Doc. 22 at 1.  Clopton further contends that he withdrew his guilty plea and had a jury trial. Doc. 22 at 1.  He claims that his defense counsel was ineffective and he is serving a 15-year sentence when he should have been sentenced

1

to 18 to 97 months. Doc. 22 at 2.

Based on a review of Clopton's state criminal proceedings and the documents attached to his objections, Clopton's objections appear to confuse the charges challenged in this action with his convictions and sentences in another state criminal proceeding for unlawfully possessing a controlled substance and unlawfully carrying a pistol without a permit.  He is currently challenging those convictions in a separate habeas action, *Clopton v. Kilgore*, No. 1:17-cv-1806-KOB-GMB. Doc. 6 at 2; Doc. 22 at 10–11 & 20–24.

Clopton's instant petition does not challenge his guilty plea or sentence for his conviction for unlawfully distributing a controlled substance. Doc. 1 at 5. Instead, the petition complains that Clopton had not received a trial on the charges pending against him in Talladega County and sought dismissal of the charges. Doc. 1 at 2 & 7.  Because Clopton pleaded guilty to the charge of unlawfully distributing a controlled substance and the prosecution dismissed the other charge, his petition seeking a speedy trial or dismissal of the charges is moot, as the Report and Recommendation found. *State v. Clopton*, No. 61-CC-2017-000108.00, Docs. 76, 79 & 81[1]; *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *see also Murphy v. Hunt*,

---

[1] The court may take judicial notice of Clopton's state-court criminal records which can be found at www.alacourt.com. *See Grider v. Cook*, 522 F. App'x 544, 545 n.2 (11th Cir. 2013) (holding that "the district court was permitted to take judicial notice of Grider's state court criminal proceedings"); *see also Keith v. DeKalb County, Ga.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of DeKalb County Superior Court Online Judicial System pursuant to Fed. R. Evid. 201).  Consistent with the Eleventh Circuit's guidance on best practices when judicially

455 U.S. 478, 481–82 (1982) (holding that a claim becomes moot when the controversy between the parties is no longer live).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the court hereby ADOPTS the report of the Magistrate Judge and ACCEPTS his recommendation.  In accordance with the recommendation, the court finds the petition is due to be dismissed as moot.  Because the court finds the petition is due to be dismissed, Clopton's motion for appointment of counsel (Doc. 21) is due to be DENIED.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  The court finds that Clopton's claims do not satisfy either standard.

The court will enter a separate Final Judgment.

---

noticing facts under these circumstances, copies of pertinent court documents are attached as exhibits to this memorandum opinion. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652–53 (11th Cir. 2020).

**DONE** and **ORDERED** on January 27, 2021.

_____
L. Scott Coogler
United States District Judge

160704